# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DUNAWAY,<br><br>            Plaintiff,<br><br>     v.<br><br>KEN CLARK, et al.,<br><br>            Defendants. | CASE NO. 1:09-cv-00520-OWW-SMS-YNP (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS<br><br>(Doc. 1) |

Plaintiff Thomas Dunaway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California ("CSATF"). Plaintiff is suing under section 1983 for the violation of his rights under the Eighth Amendment of the U.S. Constitution. Plaintiff names Ken Clark (warden) and K. Rocha (correctional counselor) as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within 30 days.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Background**

Plaintiff alleges that his Eighth Amendment rights are being violated because he is forced to live in dangerous conditions that threaten his health and safety. Since October 3, 2008, Plaintiff was placed in dayroom housing. Plaintiff alleges that dayroom housing is only utilized for inmates awaiting transfer to level I or level II dorm living facilities. Plaintiff further alleges that the living conditions in dayroom housing are extremely dangerous and life threatening to both staff and inmates. Plaintiff was attacked by a violent inmate on June 17, 2008[1]. Plaintiff alleges that the attack was able to occur because of under-staffing in the dayroom.

Plaintiff alleges that he suffers from sleep deprivation because the dayroom lights are on all night. Plaintiff has to share one toilet and one sink with 20 inmates. Plaintiff alleges that he had to defecate in a brown bag because he could not access the toilet.

Plaintiff was told by Defendant Rocha that Plaintiff must either live in the dayroom or be placed in administrative segregation ("Ad-Seg"). Plaintiff alleges that Defendant Rocha had full

---

[1] The June 17, 2008 attack would have occurred before Plaintiff's October 3, 2008 placement in the dayroom. It is unclear if this is a typographical error on Plaintiff's part.

2

knowledge of the dangerous and unconstitutional living conditions in the dayroom. Plaintiff claims that Defendant Rocha is responsible for ensuring that Plaintiff is housed in a cell and left Plaintiff in dayroom housing even after Plaintiff was assaulted. Plaintiff further alleges that Defendant Rocha had full knowledge that the bathroom facilities in the dayroom were inadequate and Plaintiff is suffering from sleep deprivation because the bright lights are constantly on in the dayroom.

Plaintiff claims that Defendant Clark had full knowledge of the dangerous and unconstitutional living conditions. Defendant Clark is responsible for ensuring that an adequate number of correctional staff are in the dayroom area to prevent violent incidents. Plaintiff alleges that Defendant Clark is aware of the inadequate bathroom facilities and that the bright lights in the dayroom prevent Plaintiff from getting adequate sleep.

**III.    Discussion**

  **A.    Eighth Amendment Claims**

Plaintiff claims that the conditions in dayroom housing constituted cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he

///

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

Plaintiff alleges that the conditions in dayroom housing were constitutionally deficient. Plaintiff alleges that the dayroom was unsafe because it was understaffed and prison officials could not prevent inmates from attacking each other. Plaintiff alleges that the dayroom was unsanitary because the toilets did not flush properly and there were not enough toilets for all the inmates to use. Plaintiff also alleges that the lights are on at night, preventing Plaintiff from sleeping.

Although Plaintiff may state sufficient allegations to demonstrate that the conditions in the dayroom resulted in the denial of "the minimal civilized measure of life's necessities", Plaintiff's allegations do not meet the subjective requirement that Defendants acted with deliberate indifference. Defendants provided Plaintiff with the choice to either stay in dayroom housing or to be moved to Ad-Seg housing. Plaintiff does not allege that the conditions in Ad-Seg were also unconstitutional. Defendants do not act with deliberate indifference if they offer alternative, constitutional housing and Plaintiff opts to live in conditions that are unconstitutional. Plaintiff fails to state a claim for violation of the Eighth Amendment.

**IV.   Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

///

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, 2009 WL 1361536, *28 (U.S. May 18, 2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at *29 (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **August 10, 2009**                /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE