1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  THOMAS DUNAWAY,                          CASE NO. 1:09-cv-00520-OWW-YNP PC

10                    Plaintiff,            FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING DENIAL OF MOTION
11        v.
                                           (Doc. 3)
12  KEN CLARK, et al.,
                                           RESPONSE DUE WITHIN 20 DAYS
13                    Defendants.

14  _____/

15        Plaintiff Thomas Dunaway ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's

17  motion for preliminary injunctive relief filed on March 19, 2009.  (Doc. #3.)

18        The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

19  so heavily favors the moving party that justice requires the court to intervene to secure the positions

20  until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.

21  390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

22  a combination of probable success and the possibility of irreparable harm, or (2) that serious

23  questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air

24  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

25  demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the

26  plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff "must

27  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

28  Id.

1

1    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must

2    have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103

3    S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and

4    State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d

5    1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has

6    no power to hear the matter in question.  Id.  "A federal court may issue an injunction if it has

7    personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not

8    attempt to determine the rights of persons not before the court."  Zepeda v. United States

9    Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

10    The court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims

11    upon which relief may be granted under section 1983.  Thus, at this point in time, there is no case

12    or controversy before the court, and the court has no jurisdiction to issue any preliminary injunctions.

13    Until and unless the court finds that plaintiff has stated cognizable claims for relief under section

14    1983 and the defendants against whom the claims are stated have been served and made an

15    appearance in this action, the court does not have jurisdiction to issue any orders awarding the relief

16    plaintiff seeks.

17    Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for

18    preliminary injunctive relief, filed March 19, 2009, be DENIED.

19    These Findings and Recommendations will be submitted to the United States District Judge

20    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**

21    **days** after being served with these Findings and Recommendations, plaintiff may file written

22    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

23    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

24    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

25    1153 (9th Cir. 1991).

26    IT IS SO ORDERED.

27    **Dated:    October 5, 2009**              **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE

28