1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  THOMAS DUNAWAY,                          CASE NO. 1:09-cv-00520-OWW-SKO PC

10              Plaintiff,                  FINDINGS AND RECOMMENDATIONS

11      v.                                  (Doc. 17)

12  KEN CLARK, et al.,                      OBJECTIONS DUE WITHIN 30 DAYS

13              Defendants.
                                    /
14

15      Plaintiff Thomas Dunaway ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the

17  California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at the

18  California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("CSATF-

19  CSP"). Plaintiff is suing under Section 1983 for the violation of his rights under the First, Eighth,

20  and Fourteenth Amendments. Plaintiff names Ken Clark (warden), K. Rocha (correctional

21  counselor), and Hakim Kamal (correctional captain) as defendants. For the reasons set forth below,

22  the Court finds that Plaintiff's second amended complaint fails to state any claims. The Court further

23  finds that Plaintiff's claims are not capable of being cured by granting further leave to amend.

24  Accordingly, the Court will recommend that Plaintiff's second amended complaint be dismissed

25  without leave to amend.

26  **I.    Screening Requirement**

27      The Court is required to screen complaints brought by prisoners seeking relief against a

28  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

   **A.   Procedural Background**

Plaintiff filed the original complaint in this action on March 19, 2009. (Doc. #1.) On August 10, 2009, the Court screened Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A. (Doc. #9.) The Court found that Plaintiff's original complaint failed to state any cognizable claims and gave Plaintiff leave to file an amended complaint. On September 17, 2009, Plaintiff filed his first amended complaint. (Doc. #11.) On November 10, 2009, the Court screened Plaintiff's first amended complaint. (Doc. #16.) The Court found that Plaintiff's first amended complaint failed

to state any cognizable claims and granted Plaintiff an additional opportunity to amend his complaint. On December 10, 2009, Plaintiff filed his second amended complaint. (Doc. #16.) This action proceeds on Plaintiff's second amended complaint.

## B.   Factual Background

Plaintiff claims that he has been living in unconstitutional living conditions since late 2007. He was assigned to live in dayroom housing due to prison overcrowding, and claims that the living conditions in dayroom housing are unconstitutional because of the threat of dangerous inmates and other uncomfortable living conditions. Plaintiff claims he was violently attacked by other inmates on June 17, 2008. He contends that he is at risk of being violently assaulted in the dayroom because of the lack of supervision by prison staff. Plaintiff further complains that he suffers from sleep deprivation because the dayroom lights are on all night. He also contends that he has to share one toilet and sink with 20 other inmates. Plaintiff claims that, on one occasion, he was forced to defecate in a brown bag because he could not access the toilet.

Plaintiff notified prison officials about the unconstitutional conditions. Prison officials then gave Plaintiff the option of either remaining in the dayroom, or being placed in administrative segregation ("ad-seg"). Plaintiff complains that prison officials' response was deliberately indifferent because the conditions in ad-seg are more restrictive than the conditions in the dayroom. Plaintiff claims that if he lived in ad-seg, he would not get regular access to outside exercise or contact visits and Plaintiff would be in his cell for 23 hours a day. Plaintiff also complains that placement in ad-seg limits his ability to earn good time credits and "would also result in a CDC 115."[1]

## III.   Discussion

## A.   Eighth Amendment Claims

Plaintiff claims that Defendants violated Plaintiff's rights under the Eighth Amendment by housing him in the dayroom. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity

---

[1]Plaintiff provides no explanation of what a "CDC 115" is.

and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)); and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind," id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff contends that the conditions in the dayroom were unconstitutional because prison officials could not protect Plaintiff from the threat of violent inmates. Allegations of overcrowding, alone, are insufficient to state a claim under the Eight Amendment. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); Akao v. Shimoda, 832, F.2d 119, 120 (9th Cir. 1987) (per curiam) (citing Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir. 1982)). However, where crowding causes an increase in violence or reduces the provision of other constitutionally required services, the prisoner may be able to state a claim. See Balla, 869 F.2d at 471; Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984); Hoptowit, 682 F.2d at 1248-49. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an

excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff also contends that the conditions in the dayroom were unconstitutional because the lights were on all night, depriving Plaintiff of sleep, and because he had to share a single toilet and sink with 20 other inmates. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

## 1.   **Objective Requirement - Sufficiently Serious Deprivation**

While Plaintiff may have alleged facts that, when accepted as true, may state a claim under the Eighth Amendment, Plaintiff also admits that prison officials gave Plaintiff the choice of either staying in the dayroom, or living in ad-seg. Plaintiff claims that he opted to stay in the dayroom because the conditions in ad-seg were more restrictive than the conditions in the dayroom. Plaintiff contends that he would not get regular access to outdoor exercise or regular access to contact visits and that he would have to remain in his cell for 23 hours of the day. Ad-seg placement would also limit Plaintiff's ability to earn good time credits. However, the conditions alleged do not constitute cruel and unusual punishment within the meaning of the Eighth Amendment.

While the denial of outdoor exercise can amount to an Eighth Amendment violation if the deprivation is sustained over a sufficiently long period of time, Plaintiff's vague allegations regarding the lack of "regular access" to outdoor exercise are not sufficient to establish that the conditions in ad-seg were cruel and unusual. See Allen v. Sakai, 48 F.3d 1082, 1087-88 (9th Cir. 1994) (allegation of only 45 minutes of outdoor exercise per week sufficient to state a claim under the Eighth Amendment). Plaintiff does not allege that the lack of outdoor exercise in ad-seg was so severe that it posed an excessive threat to the psychological or physical well-being of inmates. While moving to ad-seg would have involved some drawbacks, the drawbacks alleged cannot be characterized as a violation of Plaintiff's rights under the Eighth Amendment. Living in ad-seg

1    would not have resulted in "the denial of the minimal civilized measure of life's necessities."

2    Plaintiff was given the option of either living in the dayroom in conditions that allegedly violated

3    the Eighth Amendment, or living in ad-seg in conditions that did not violate the Eighth Amendment.

4    Plaintiff voluntarily chose to live in the conditions that allegedly violated the Eighth Amendment.

5    Thus, Plaintiff has waived any constitutional objection to those living conditions.  See Stewart v.

6    LeGrand, 526 U.S. 115, 119 (1999) (death row inmate waived Eighth Amendment objections to

7    execution by lethal gas by voluntarily selecting lethal gas method over execution by lethal injection).

8                    **2.      Subjective Requirement - Deliberate Indifference**

9           Plaintiff  complained  to Defendants about the conditions in the day room and was given the

10   option of either staying in the dayroom or moving to ad-seg.  As discussed below,  even assuming

11   that the conditions in ad-seg were so restrictive that they meet the objective prong of an Eighth

12   Amendment violation, Plaintiff has not alleged any facts that demonstrate that Defendants' response

13   to Plaintiff's complaints was deliberately indifferent.

14          In order to constitute deliberate indifference, Plaintiff must allege facts that demonstrate  that

15   Defendants were aware that the conditions in both the dayroom and in ad-seg posed an excessive risk

16   to Plaintiff.  Defendants' response in giving Plaintiff the option of either staying in the day room or

17   moving to ad-seg was not deliberately indifferent if Defendants believed that one or both of the

18   options did not pose an excessive risk to Plaintiff.  Although Plaintiff alleges that Defendants were

19   aware that the conditions in the dayroom were dangerous because of under-staffing, Plaintiff does

20   not allege any facts to support the inference that Defendants were aware that housing in ad-seg posed

21   an excessive risk to Plaintiff's health or safety.  Thus, Plaintiff fails to state any cognizable claims

22   against Defendants for the violation of Plaintiff's rights under the Fourteenth Amendment.

23          The Court previously informed Plaintiff about the deficiencies in his claims in its previous

24   screening orders. (Order Dismissing Compl., With Leave to File Am. Compl. Within 30 Days 3:17-

25   5:17, November 10, 2009; Order Dismissing Compl, With Leave to File Am. Compl. Within 30

26   Days 3:12-4:20, August 10, 2009.)  Plaintiff's second amended complaint fails to meaningfully

27   address the deficiencies that were identified by the Court.  As such, the Court finds that Plaintiff's

28   claims are not capable of being remedied by granting further leave to amend.  The Court will

1    recommend that Plaintiff's complaint be dismissed without leave to amend.  See Lopez v. Smith,

2    203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be

3    granted even if no request to amend was made unless the court determines that the pleading could

4    not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.

5    1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear

6    that the deficiencies of the complaint could not be cured by amendment).

7           **B.     Fourteenth Amendment Claims**

8           Plaintiff claims that the conditions in the dayroom also violated Plaintiff's rights under the

9    Due Process Clause of the Fourteenth Amendment.  The Court finds that Plaintiff's claims are more

10   appropriately analyzed under the Eighth Amendment, rather than the Fourteenth Amendment.  See

11   Whitley v. Albers, 475 U.S. 312, 327 (1986) ("the Eighth Amendment . . . serves as the primary

12   source of substantive protection to convicted prisoners in cases" and "in these circumstances the Due

13   Process Clause affords respondent no greater protection than does the Cruel and Unusual

14   Punishments Clause.")  Thus, Plaintiff fails to state any cognizable claims under the Fourteenth

15   Amendment.

16          **C.     Retaliation Claims**

17          Plaintiff claims that Defendants retaliated against Plaintiff's exercise of his First Amendment

18   rights by giving Plaintiff the option to live in ad-seg.  In the prison context, allegations of retaliation

19   against a prisoner's First Amendment rights to speech or to petition the government may support a

20   section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham

21   v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

22   "[A] viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that

23   a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

24   conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

25   (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408

26   F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment

27   right to file a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351

28   F.3d 1283, 1288 (9th Cir. 2003).

1    Plaintiff characterizes Defendants' response to Plaintiff's complaints as retaliatory.  Plaintiff

2    did exercise a right protected by the First Amendment when he complained about the conditions in

3    the dayroom.  However, Defendants' response cannot be characterized as an "adverse action."

4    Plaintiff was given an option to choose the dayroom or ad-seg.  Granting Plaintiff control over his

5    own housing fate is advantageous, not adverse.  Plaintiff fails to state a cognizable retaliation claim

6    against any Defendant.  The Court further finds that Plaintiff's retaliation claim is not capable of

7    being remedied by granting further leave to amend.

8    **IV.    Conclusion and Recommendation**

9    Plaintiff's second amended complaint fails to state any claims on which relief may be granted

10   under section 1983.  Plaintiff was provided with the opportunity to amend and his second amended

11   complaint failed to remedy the deficiencies in his claims.  The Court finds that the deficiencies in

12   Plaintiff's claims are not curable by further amendment of his complaint.  Accordingly, it is

13   HEREBY RECOMMENDED that Plaintiff's complaint be dismissed, without leave to amend, for

14   failure to state a claim upon which relief may be granted.

15   These Findings and Recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)

17   days after being served with these Findings and Recommendations, any party may file written

18   objections with the Court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20   shall be served and filed within ten (10) days after service of the objections.  The parties are advised

21   that failure to file objections within the specified time may waive the right to appeal the District

22   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24   IT IS SO ORDERED.

25   **Dated:    May 10, 2010**                    **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE
26

27

28

8